**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4326**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

        v.

ANTONIO EUGENE RANDOLPH,

    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:16-cr-00368-NCT-1)

Submitted:  May 23, 2018                                    Decided:  June 6, 2018

Before WILKINSON, NIEMEYER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Kathleen A. Gleason, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Matthew G.T. Martin, United States Attorney, Eric L. Iverson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Eugene Randolph appeals the district court's denial of his pretrial motion to suppress after entering a conditional guilty plea to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), (b)(1) (2012). Randolph challenges the same warrant that we addressed in *United States v. McLamb*, 880 F.3d 685 (4th Cir. 2018), contending the district court erred in denying his motion to suppress. We affirm.

On appeal, Randolph's central argument is that the warrant did not authorize the Government to search property outside the Eastern District of Virginia. Alternatively, he contends the warrant was issued in violation of Fed. R. Crim. P. 41, and the evidence should have been suppressed. We conclude these arguments are without merit, and the district court did not err in denying his motion to suppress. *See McLamb*, 880 F.3d at 689-91; *United States v. Werdene*, 883 F.3d 204, 208, 214, 218-19 (3d Cir. 2018). The warrant authorized deployment of a network investigative technique on any computer user who logged into the target website; and even if this violated the 2015 version of Rule 41, suppression would not produce an appreciable deterrence on law enforcement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*